IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10358
Summary Calendar

_____

ROBERT KENNETH LEASURE,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-2547
--------------------
July 27, 2000

Before WIENER, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Robert Kenneth Leasure ("Leasure"), Texas prisoner # 747659, moves for a certificate of appealability ("COA") from the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. To obtain a COA for constitutional issues, Leasure must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). To obtain a COA for procedural issues, Leasure must show that "jurists of reason would find it debatable whether [he] states a valid claim of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

Leasure contends that the district court erred in dismissing his § 2254 petition as time-barred. He argues that he filed an application for state postconviction relief on case number F94-40748-HQ on March 9, 1998, that tolled the limitations period, under 28 U.S.C. § 2244(d)(2), until the application was decided on March 31, 1999. Leasure further argues that the district court should have equitably tolled the limitations period, until September 30, 1999, the date he received notice that the Texas Court of Criminal Appeals had denied the application.

The district court did not address either of Leasure's § 2244(d)(2) and equitable tolling arguments. Accordingly, COA is GRANTED, the district court's judgment of dismissal is VACATED, and the case is REMANDED to the district court to consider the aforementioned arguments and, if appropriate, the merits of Leasure's underlying constitutional claims. Leasure's motion for extraordinary relief is DENIED.

COA GRANTED; VACATED AND REMANDED; MOTION DENIED.